IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MILAN KJALASAN, | ) | CIVIL NO. 26-00005 SASP-WRP |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO (1) |
| | ) | DISMISS AMENDED COMPLAINT |
| UNITED STATES | ) | WITHOUT LEAVE TO AMEND |
| GOVERNMENT, UNITED | ) | AND (2) DENY APPLICATION TO |
| STATES INTELLIGENCE | ) | PROCEED WITHOUT PAYMENT |
| COMMUNITY, FEDERAL | ) | OF FEES OR COSTS |
| BUREAU OF INVESTIGATION | ) | |
| (FBI), DEPARTMENT OF | ) | |
| HOMELAND SECURITY | ) | |
| (DHS), MICROSOFT | ) | |
| CORPORATION, APPLE | ) | |
| CORPORATION, GOOGLE | ) | |
| CORPORATION, | ) | |
| GOVERNMENT OF EGYPT, | ) | |
| GOVERNMENT OF THE | ) | |
| REPUBLIC OF NORTH | ) | |
| MACEDONIA, GOVERNMENT | ) | |
| OF SERBIA, GOVERNMENT | ) | |
| OF THE REPUBLIC OF | ) | |
| CROATIA, GOVERNMENT OF | ) | |
| MONTENEGRO, | ) | |
| GOVERNMENT OF THE | ) | |
| REPUBLIC OF SLOVENIA, | ) | |
| MINISTRY OF INTERIOR, | ) | |
| MINISTRY OF INTERIOR | ) | |
| KOCANI, INTERPOL | ) | |
| GENERAL SECRETARIAT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

1

FINDINGS AND RECOMMENDATION TO (1) DISMISS AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS

The Court previously recommended dismissal of pro se Plaintiff Milan Kjalasan's (Plaintiff) Complaint and denial of Plaintiff's first request to proceed *in forma pauperis*.  See Findings and Recommendation to (1) Dismiss Complaint with Leave to Amend and (2) Deny Application to Proceed Without Payment of Fees or Costs as Moot, ECF No. 10.  The Court nevertheless recommended granting Plaintiff leave to cure the deficiencies in the Complaint by filing an amended complaint.  See id.  The Court's recommendations were adopted on April 2, 2026.  See Order Adopting Magistrate Judge's Findings and Recommendation, ECF No. 11.

On May 6, 2026, Plaintiff filed the Amended Complaint, which names numerous Defendants, including the United States Government, federal agencies, private corporations, and various foreign nations.[1]  Amended Complaint, ECF No.

---

[1] The Amended Complaint names the following Defendants: United States Government, United States Intelligence Community, Federal Bureau Of Investigation, Department of Homeland Security, Microsoft Corporation, Apple Corporation, Google Corporation, Government of Egypt, Government of the Republic of North Macedonia, Government of Serbia, Government of the Republic of Croatia, Government of Montenegro, Government of the Republic of Slovenia, Ministry of Interior, Ministry of Interior Kocani, and Interpol General.  See ECF No. 14.

14.  Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Application).  See Application, ECF No. 15.  For the reasons stated below, the Court FINDS and RECOMMENDS that Plaintiff's Complaint be DISMISSED without leave to amend and that Plaintiff's Application be DENIED as moot.[2]

## I.    Screening

The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss [a § 1915(a)] complaint that fails to state a claim).  Additionally, the Court liberally construes a pro se complaint.  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim.  See Pliler v. Ford, 542 U.S. 225, 231 (2004); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th

---

[2] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

3

Cir. 1982).

According to Rule 8(a)(2) of the Federal Rules of Civil Procedure (FRCP), to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this rule, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (quotation marks omitted). Importantly, conclusions of law are insufficient to state a claim under Rule 8(a). See id. Therefore, to survive in federal court, a complaint must contain specific factual allegations in support of the legal conclusions. See id. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, "[t]o comply with Rule 8(a)(2), a plaintiff suing multiple defendants 'must allege the basis of his claims against each defendant[.]'" Tamraz v. Bakotic Pathology Assocs., LLC, No. 22-CV-0725-BAS-WVG, 2022 WL 16985001, at *2 (S.D. Cal. Nov. 16, 2022) (quotation marks and citations omitted). "Put differently, a pleading that names multiple defendants must 'establish the specific personal involvement' of each defendant 'in the alleged wrongful acts.'" Id. (citations omitted). "Failure to do so 'leaves each defendant with no means of determining exactly what each of them is charged with doing,' and, therefore,

violates Rule 8." Id. (ellipses and citations omitted).

Here, the Amended Complaint makes general statements about Plaintiff's past experiences, but it is entirely unclear from the Amended Complaint what misconduct is alleged, who specifically is alleged to have committed it, when any such conduct occurred, or what claims are asserted based on that conduct. See Tamayo v. City of Glendale, No. 2:19-cv-10284-ODW(SK), 2020 WL 136633, at *1 (C.D. Cal. Jan. 13, 2020) (explaining that the complaint violated Rule 8 because it failed "to allege the basic who, what, when, where, and why" of the plaintiff's claims).

For example, the Amended Complaint mentions "Organized Crime of Socially-Political Oligarchic Operating spanning the periods 1984 – 2009 and 2010 – 2016 . . . [that] are responsible for my Emotional and Physical Destruction[.]" Amended Complaint, ECF No. 14 at 4. Plaintiff also alleges "the Intimate Use of the 'SUNSHINE' element expressed towards me" and "[t]he use of Biological Methods of provoking and hurting for the purpose of Information Extortion through Duress . . . [including] Controlled Infestations of Insects and Dispatch of Dangerous Animals that can seriously harm or even kill you." Id. at 12, 21. Plaintiff also asserts "Biochemical and Electromagnetic Crimes based upon Political, Economic, Cultural, Social, and Civil Engineering enriching the Corrupted Segment of the American and Foreign Oligarchy and its Corrupt

5

Partners[.]" Id. at 23.  Plaintiff claims that he "ended up Biochemically and Electromagnetically Damaged to the extent I could not handle anymore[.]" Id. at 6.  Thus, Plaintiff seeks "$1,000,000,000 (one billion dollars) Financial Compensation to be paid to me by the United States and other Nations' Governments and Corporations involved in the Oligarchic Crimes[.]" Id. at 5.

Based on a thorough review of the Amended Complaint, the Court finds that the Amended Complaint fails to comply with FRCP Rule 8(a)(2) and "leaves each defendant with no means of determining exactly what each of them is charged with doing." See Tamraz, 2022 WL 16985001, at *2; see also Ashcroft, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing Bell Atl. Corp., 550 U.S. at 556).  For these reasons, the Court recommends that Plaintiff's Amended Complaint be DISMISSED without prejudice.

As to whether leave to amend the Complaint should be permitted, the Ninth Circuit has explained that, "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted).  Here, the Court previously identified the same deficiencies in the original Complaint and

6

afforded Plaintiff an opportunity to cure them.  <u>See</u> Findings and Recommendation, ECF No. 10; Order Adopting, ECF No. 11.  Plaintiff's Amended Complaint adds numerous Defendants and allegations, but fares no better.  Given the allegations stated in the original Complaint and the Amended Complaint and considering that Plaintiff was unable to cure the same deficiencies that were previously identified, the Court finds that further amendment would be futile.  Accordingly, the Court RECOMMENDS that the Amended Complaint be dismissed without leave to amend.

## II.    Application to Proceed in District Court Without Prepaying Fees or Costs

Insofar as this Court finds and recommends that Plaintiff's Complaint be dismissed without leave to amend, it also FINDS and RECOMMENDS that Plaintiff's Application, ECF No. 15, be DENIED as moot.

CONCLUSION

The Court FINDS and RECOMMENDS that the District Court:

- DISMISS the Amended Complaint, ECF No. 14, without prejudice and without leave to amend,

- DENY the Application, ECF No. 15, as moot, and

- CLOSE this case.

7

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 25, 2026.



Wes Reber Porter
United States Magistrate Judge

Milan Kjalasan v. United States Government, et al., Civ. No. 26-00005 SASP-WRP;
FINDINGS AND RECOMMENDATION TO (1) DISMISS AMENDED COMPLAINT
WITHOUT LEAVE TO AMEND AND (2) DENY APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES OR COSTS.